

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1250–12

### MARK ALEXANDER FLEMING, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**MEYERS, J., delivered the opinion of the Court, in which KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. COCHRAN, J., filed a concurring opinion. ALCALA, J., filed a concurring opinion. KELLER, P.J., filed a dissenting opinion in which PRICE and JOHNSON, JJ., joined. WOMACK, J., concurred.**

# O P I N I O N

Appellant, Mark Alexander Fleming, was charged with four counts of aggravated sexual assault under Texas Penal Code Section 22.021(a)(1)(B)(iii), (2)(B).[1] He filed a motion to quash the indictment on the basis that the statute is unconstitutional for failing to require the State to prove that he had a culpable mental state related to the victim's age

---

[1]Unless otherwise noted, all references to Sections refer to the Texas Penal Code.

and for failing to recognize an affirmative defense based on the defendant's reasonable belief that the victim was 17 years of age or older. The trial court denied the motion. Appellant entered a plea of "no contest," filed an application for community supervision, and invoked his right to have the jury determine punishment. On the second day of testimony, one of the jurors informed the court that his son had dated the victim. In order to avoid a mistrial, the State and Appellant entered into a plea agreement for a ten-year probated sentence. Appellant appealed the trial court's denial of his motion to quash. The court of appeals overruled Appellant's federal constitutional claims and affirmed the trial court's judgment. We remanded the case to the court of appeals to consider Appellant's state constitutional claims, and the court of appeals again affirmed the trial court. Appellant filed a petition for discretionary review, which we granted to consider whether Penal Code Section 22.021 is unconstitutional under the Due Process Clause of the Fourteenth Amendment and the Due Course of Law provision of the Texas Constitution because it fails to require the State to prove that the defendant had a culpable mental state regarding the alleged victim's age, and fails to recognize an affirmative defense based on the defendant's reasonable belief that the alleged victim was 17 years of age or older. We will affirm the court of appeals.

**FACTS**

Appellant testified that in April of 2007 he received a text message from a girl, K.M, who said that she had obtained his phone number from her friend. When Appellant

asked her age, she replied that she was 22 years old. K.M. was actually 13 years old. The two corresponded by text message and talked on the phone for a week or two and then arranged to meet at the mall for a date. Both Appellant and K.M. testified that on their first date they went to a movie and drag races at a race track, after which Appellant drove K.M. home. Appellant stated that K.M. told him that her mother and step-father lived with her because they had lost their home. After their second date to dinner and a movie, Appellant asked K.M. if she wanted to spend the night with him at the hotel where he had been staying. Appellant testified that K.M. said that she did want to go to his hotel but that she was not ready for them to have sexual relations at that time. Appellant said that he agreed and that they went to sleep upon arrival at the hotel. Appellant testified that when he awoke early the next morning, K.M. was "messing with" him in a way that indicated that she wanted to have sex. He asked her if she was sure, and she said that she was. Appellant and K.M. continued dating and having sex from April to May of 2007. Later that year, K.M.'s mom found a love letter that Appellant had written to K.M. Appellant, who was 25 years old at the time, wrote in the letter, "I no you 4 years or 5 years younger then me but I love you." When her mom confronted her about the letter, K.M. initially denied the relationship. When K.M. admitted that she did have sex with Appellant, her mom called the police. Appellant was cooperative during questioning by the police and told the officer about the relationship. He told the officer that he did not know that K.M. was under age when he dated her. At trial, Appellant testified that he

believed that K.M. was 22 years of age because both K.M. and her friend had told him that she was 22 years old, and because K.M. had told him that she was a student at the University of North Texas majoring in criminal justice. He also testified that he had seen on her MySpace page, which was entered into evidence by the defense, that she was 20 years old and was a student at UNT. The MySpace page entered into evidence by the defense also contained photos of K.M. that were taken around the time she was dating Appellant. K.M. denied having told Appellant that she was 22 years old and testified that someone else must have changed her MySpace page. She said she did not know if Appellant knew that she was under age when they dated. The State presented evidence that Appellant had previously dated a friend of K.M.'s mom, who sometimes babysat K.M. when she was younger. The State said that K.M. would have been 11 years old when Appellant first met her at her mom's house. K.M. said that Appellant had been to her mother's house in the past but she did not know if he remembered meeting her then.[2]

Appellant agreed to a ten-year probated sentence and retained the right to appeal the trial court's denial of his motion to quash. He appealed, arguing that Penal Code Section 22.021 is unconstitutional due to its failure to require proof that he had knowledge that his victim was younger than 17 years of age and for not recognizing an affirmative defense based on the defendant's reasonable belief that the victim was 17 years of age or older.

---

[2]The house Appellant had previously visited was not the same house where he dropped off K.M. after their dates.

**COURT OF APPEALS**

On remand from this Court, the court of appeals held that Section 22.021 does not offend notions of Due Process or Due Course of Law. The court stated that the texts of both the Due Course of Law provision and the Due Process Clause are virtually identical and that the Due Course of Law provision provides the same protections as the Due Process Clause. The court reasoned that the strict-liability aspect of statutory-rape laws is widely known and is a recognized exception to the general requirement of *mens rea* in criminal statutes. The court of appeals rejected Appellant's reliance on *United States v. X-Citement Video*, 513 U.S. 64, 73 (1994), and said that the reasoning from *X-Citement* does not apply here because Section 22.021 involves personal contact with the underage victim and the ability to ascertain true age, while the possession of visual depictions of minors does not. The court of appeals determined that there is not a fundamental right to a *mens rea* component or a mistake-of-age defense in a statutory rape statute. Thus, as long as the statute is reasonably related to a legitimate state objective, it does not impinge on a substantive due-process right. The court of appeals concluded that strict liability regarding the age of the minor furthers the legitimate government interest in protecting children from sexual abuse by placing the risk of mistake on the adult actor. The court of appeals overruled Appellant's points of error and affirmed the judgment of the trial court.

**ARGUMENTS OF THE PARTIES**

Appellant presents a facial challenge to the statute's lack of a *mens rea* as to the

victim's age. He raises an as-applied challenge to the court's failure to allow him to present a mistake-of-fact defense. Specifically, he argues that he had an objectively and subjectively reasonable belief that the victim in this case was over the age of 17. Appellant states that under early English and American Common Law, the knowing act of engaging in consensual sex with another when not sanctioned by the legal bonds of marriage was a legal and moral wrong, and that legal wrong sufficed as a substitute for *mens rea* in the statutory rape context. Appellant argues that, because such acts are no longer legally wrong, there is nothing to substitute for a *mens rea* element in Section 22.021 and it is unconstitutional to enforce the statute without the *mens rea* element that is essential in every felony charge. Appellant claims that in *Lawrence v. Texas*, 539 U.S. 558 (2003), the United States Supreme Court extended the Due Process Clause's protection of liberty to the intimate choices of unmarried persons. Appellant cites *X-Citement*, stating that when a statute is completely bereft of a scienter requirement as to the age of the victim, and the age of the victim is the crucial element separating legal innocence from wrongful conduct, the statute raises serious constitutional doubts. Appellant argues that, because the physical act identified in Section 22.021(a)(1)(B)(iii) is entitled to constitutional protection, the complete absence of a *mens rea* requirement as to the age of the victim renders the statute constitutionally void. Appellant states that the framers of the Texas Constitution would have considered an ignorance-of-fact defense as a fundamental right so as to not punish those who, through no fault of their own, have

been misled. Finally, Appellant argues that it is unfair for him to be considered a "sexual predator" when no evidence exists of any intent to do a legal or moral wrong and no evidence exists to indicate that he is a threat to the community.

The State argues that the court of appeals properly concluded that Appellant's fundamental rights were not implicated and that Section 22.021 serves a legitimate state purpose. The State says that the cases cited by Appellant do not support his argument that Section 22.021 is unconstitutional. For example, the State argues that the reasoning from *X-Citement Video* does not apply here because, unlike a defendant who does not know the age of a person depicted in a video, Appellant spent a significant amount of time with the victim and had ample time to ascertain her age. The State says that *Lawrence v. Texas* supports the constitutionality of Section 22.021 because the Court in *Lawrence* emphasized that it was recognizing the right of *adults* to engage in consensual conduct. The State argues that the Due Course of Law Clause and the Due Process Clause afford the same protection and that neither the history nor the application of the Due Course of Law provision supports a conclusion that Section 22.021 violates the Texas Constitution. The State notes that, although some states allow a mistake-of-age defense, the majority rule is that excluding knowledge of the victim's age as an element of the statutory rape offense does not violate Due Process. Finally, the State argues that the legislature has an interest in protecting the safety of children and that only the legislature should make changes to a statute that serves to protect children from sexual abuse.

**CASE LAW**

The mistake-of-age defense was raised and rejected in the 1876 English case of *Regina v. Prince*. 13 Cox, Criminal Cases 138 (Eng. Crim. App. 1876). In *Prince*, the defendant was charged with unlawfully taking a girl under the age of 16 out of the possession of her father against his will. The defendant claimed that he acted on the reasonable belief that the girl was 18 years of age. The court held that it was no defense that he thought he was committing a different kind of wrong from that which he was, in fact, committing, it being wrong to remove a daughter, even one over the age of 16, from her father's household. *Id.* at 141-42. Citing previous cases, the court stated that "any man who dealt with an unmarried female did so at his own peril, and if she turned out to be under sixteen years old he was liable under this statute." *Id*. at 139. Although the issue in *Prince* was mistake of age as to abduction, early American courts applied *Prince* to statutory rape as well. The reasoning from *Prince* has been used to justify denying the mistake-of-age defense and imposing strict liability against those accused of statutory rape.[3]

In *Morissette v. United States*, 342 U.S. 246 (1952), the Supreme Court discussed

---

[3] *See, e.g., Brown v. State*, 74 A. 836, 841 (Del. 1909) (finding that statements of age made by the statutory rape victim and the defendant's reasonable belief about her age were "irrelevant and immaterial"); *State v. Basket*, 19 S.W. 1097 (Mo. 1892) (refusing a reasonable mistake-of-age defense for statutory rape of a twelve-year-old girl); *Lawrence v. Commonwealth*, 71 Va. 845, 854-55 (1878) (finding that the lower court did not err by refusing to give jury instructions that the defendant could not be found guilty of statutory rape based on a reasonable mistake-of-age defense).

strict liability offenses and noted that, while there must usually be a "vicious will" to constitute a crime, there are exceptions to this rule, including rape cases in which age is the determinative factor, despite the defendant's reasonable belief that the victim was over the age of consent.  For strict liability crimes, there is no "guilty mind" requirement, and the actor does not have to possess the *mens rea* to commit any crime.  In such strict-liability offenses, the actor's state of mind is irrelevant, and he is guilty of the crime at the moment he commits the prohibited act.  Most strict liability statutes are associated with the protection of public health, safety, or welfare, such as those involving air and water pollution, sale of adulterated food, and traffic and motor-vehicle laws.  *Id*. at 254-55. Statutory rape, however, is distinguishable in that the act of sexual intercourse is not a crime except in certain circumstances, such as when the other person has not consented to the act or when the other person is deemed unable to consent due to his or her age.

**DISCUSSION**

*Mens rea as to the age of the victim*

While it is indeed widely known that "16 will get you 20," and precocious young girls have commonly been referred to as "jail bait," such colloquialisms address only the understanding that even consensual sex with someone underage is a violation.  These phrases indicate knowledge of the sexual partner's young age as opposed to an understanding that knowledge of the age is unnecessary.  Texas Penal Code does not specify that *mens rea* as to the age of the victim is unnecessary, however, under federal

law, "the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years." *See* 18 U.S.C. § 2241(d). *See also* 18 U.S.C. § 2243(d) ("In a prosecution for sexual abuse of a minor between the ages of 12 and 16, the Government need not prove that the defendant knew the age of the other person engaging in the sexual act").

It is clear that the Texas legislature intends for age to be an aggravating element in certain offenses and does not intend for the State to be required to prove that the defendant knew the age of the victim. For example, the sexual assault statutes delineate the severity of the offense based in part on the age of the victim. Specifically, Penal Code Section 22.011(a)(2) covers sexual assault of a child under the age of 17. However, when the victim is younger than 14 years of age, the offense is *aggravated* sexual assault under Penal Code Section 22.021. Similarly, murder under Penal Code Section 19.02 may increase to capital murder under Section 19.03 if the victim is under 10 years of age. There is no *mens rea* as to age listed in either the sexual assault or murder statutes and there is no fundamental right to a *mens rea* element regarding the age of the victim in these contexts.[4] Because this statute serves the legitimate state objective of protecting children, we will not read a *mens rea* element into the statute and do not believe that

---

[4] We note that Penal Code Section 19.03(a)(1) requires the State to prove that the defendant knew that the victim was a peace officer or fireman in order for the offense to increase from murder to capital murder. This indicates to us that when the legislature wants to require the State to prove that the offender knew the status of the victim, such a requirement is clearly stated in the statute.

failure to require *mens rea* as to the victim's age violates the federal or state constitution. The statutory prohibition of an adult having sex with a person who is under the age of consent serves to protect young people from being coerced by the power of an older, more mature person. The fact that the statute does not require the State to prove *mens rea* as to the victim's age places the burden on the adult to ascertain the age of a potential sexual partner and to avoid sexual encounters with those who are determined to be too young to consent to such encounters. If the adult chooses not to ascertain the age of a sexual partner, then the adult assumes the risk that he or she may be held liable for the conduct if it turns out that the sexual partner is under age.

### Mistake-of-fact defense

While both the sexual assault and the murder statutes specify a more severe punishment based on the age of the victim, neither offense contains a provision that allows for a mistake-of-fact defense as to the age of the victim. Under Penal Code Section 8.02(a), "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact *if his mistaken belief negated the kind of culpability required for the commission of the offense*." Because Section 22.021 requires no culpability as to the age of the victim, there is nothing for the defendant's mistaken belief to negate, and his mistake cannot be a defense to prosecution.

Appellant asks for an affirmative defense so that he may claim that even though the allegations in the indictment are true, he should not be convicted due to his assertion

that he did not know that K.M. was 13 years of age. The legislature's intent of protecting children from sexual assault is clear, and it outweighs any claim of the right to present a mistake-of-age defense. When a defendant voluntarily engages in sexual activity with someone who may be within a protected age group, he should know that there may be criminal consequences and there will be no excuse for such actions. When it comes to protecting those who are unable, due to their tender age, to consent to sexual activity, the legislature simply does not allow any variance.

It would be unconscionable for us to allow a 25-year-old man who was having sex with a 13-year-old child to claim that his actions were excused because he reasonably believed that he was having sex with an adult. Such a defense is precluded by the overriding interest in protecting children.

## CONCLUSION

Texas Penal Code Section 22.021 is not unconstitutional under the Due Process Clause of the Fourteenth Amendment or the Due Course of Law provision of the Texas Constitution for failing to require the State to prove that the defendant had a culpable mental state regarding the victim's age or for failure to recognize an affirmative defense based on the defendant's belief that the victim was 17 years of age or older. The decision of the court of appeals is affirmed.

Delivered: June 18, 2014
Publish